NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JESSIE LEWIS, *Petitioner*.

No. 1 CA-CR 16-0226 PRPC
FILED 8-17-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 1994-006852
The Honorable Warren J. Granville, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Jessie Lewis, Eloy
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

**W I N T H R O P**, Judge:

**¶1**         Jessie Lewis petitions this court for review of the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.[1]  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**         Police officers discovered marijuana during a search of Lewis' vehicle after he was arrested on a misdemeanor traffic warrant on February 16, 1994.  Lewis pled guilty to possession of marijuana, a class six felony. The superior court suspended sentence and placed Lewis on two years of probation.  Lewis subsequently admitted violating a condition of his probation, and the superior court placed Lewis on a three-year term of intensive probation.  After Lewis again violated probation conditions, the court revoked his probation on March 7, 1995, and sentenced him to one year in the Arizona Department of Corrections.

**¶3**         Aside from his release from prison, the record indicates nothing transpired in this case until Lewis filed a notice of post-conviction relief on October 20, 2015.  In his notice, Lewis argued the superior court lacked jurisdiction over his felony criminal matter pursuant to Article 6, Section 32(B) and (C) of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") section 22-301(A)(1)-(2) and (B)(2).[2]     Therefore, according to Lewis, he was entitled to relief under Rule 32.1(b).  He also summarily asserted "statutory and constitutional law has been violated." The superior court dismissed the notice, and this timely petition for review followed.  We review the court's denial of post-conviction relief for an abuse of discretion.  *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19, 278 P.3d 1276, 1280 (2012).  "We may affirm on any basis supported by the record."  *State v. Robinson*, 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987) (citation omitted).

**¶4**         Lewis repeats the arguments raised in his notice.  Further, without citing to the record, Lewis appears to argue the superior court lacked jurisdiction because the civil traffic citation he received did not refer

---

[1]     Lewis also filed the following petitions for review in at least three other unrelated criminal matters:  1 CA-CR 15-0631 PRPC, 1 CA-CR 16-0008 PRPC, and 1 CA-CR 16-0227 PRPC.

[2]     We cite the current version of all statutes unless changes material to our analysis have occurred since the date of the offense.

to an allegation of felony marijuana possession, and "the traffic violations w[ere] not consolidated with the felony offense in the direct complaint."

**¶5** The superior court did not abuse its discretion in dismissing the Rule 32 notice. First, the superior court had original jurisdiction over the felony case pursuant to Article 6, Section 14(4), of the Arizona Constitution. *See* A.R.S. § 12-123(A). Second, although Lewis' felony marijuana case commenced in West Phoenix Justice Court, the case was transferred to Maricopa County Superior Court, where Lewis pled guilty and was ultimately sentenced. The transfer is consistent with the justice court's jurisdiction over felony offenses as set forth in A.R.S. § 22-301(A)(2),[3] and Lewis does not argue otherwise. Third, Lewis does not properly support his argument on review with citations to the record or supporting authority. A petition for review must set forth specific claims, present sufficient argument supported by legal authority, and include citation to the record. *See* Ariz. R. Crim. P. 32.9(c)(1)(ii), (iv). Finally, regarding Lewis' assertions of general violations of "statutory and constitutional law," and to the extent he claimed the superior court lacked personal jurisdiction over him, such claims were untimely under Rule 32.4(a).[4] A notice of post-conviction relief must set forth why issues were not raised in a timely manner. If the notice fails to do so, such as Lewis' failed to do, "the notice shall be summarily dismissed." Ariz. R. Crim. P. 32.2(b).

---

[3] Section 22-301(A)(2) provides as follows:

> A. The justice courts shall have jurisdiction of the following offenses committed within their respective precincts:
>
> . . .
>
> 2. Felonies, but only for the purpose of commencing action and conducting proceedings through preliminary examinations and holding the defendant to answer to the superior court or to discharge the defendant if it appears that there is not probable cause to believe the defendant is guilty of an offense.

[4] Lewis thrice received a notice of his rights of review, informing him that he had ninety days from the entry of judgment and sentence to seek relief under Rule 32 by filing a notice of post-conviction relief.

¶6          Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA